## PRUDENTIAL INS. CO. OF AMERICA v. JACKSON SECURITIES & INVESTMENT CO.

### No. 11741.

Circuit Court of Appeals, Fifth Circuit.

Feb. 20, 1947.

Rehearing Denied March 19, 1947.

Francis H. Hare and W. H. Sadler, both of Birmingham, Ala., for appellant.

J. S. Mead, of Birmingham, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge. .

This is an action for damages for an alleged breach of contract. As finally amended, the complaint was in nine counts; the fifth count was withdrawn upon the trial.

Simply stated, this is a suit to recover damages for services alleged to have been rendered by an agent in the sale and leasing of real property.

At a pretrial hearing, it was agreed by all the parties that, in counts 1, 2, and 4, the plaintiff claimed of the defendant a full broker's commission upon the sales of three parcels of commercial real estate. Defendant denied that, by the contract, it had constituted the plaintiff its exclusive agent, but it made a tender of certain amounts admittedly due by it, failing to tender costs. The court below gave a peremptory instruction to the jury as to these amounts and, upon the verdict so returned, entered judgment therefor with costs. No error appearing, this portion of the judgment should be affirmed.

In counts 3 and 9, the plaintiff claimed to have been the exclusive agent of the defendant, and alleged that, while it was negotiating for a certain renewal lease, the defendant accepted a long-term lease, submitted by an outside agent, with another party on the same premises. Defendant denied this. In counts 6, 7, and 8, the plaintiff alleged that it had obtained a renewal lease on a certain building acquired through foreclosure proceedings by the defendant, and that the latter in bad faith, for the purpose of avoiding payment of plaintiff's commissions, permitted the building in question to be redeemed by the mortgagor after the expiration of the statutory period for redemption and for an amount substantially less than might have been legally required, thereby appropriating the plaintiff's services in obtaining an acceptable tenant. A reasonable commission for such services was demanded by the plaintiff.

The defendant denied that it breached its contract with the plaintiff. It denied that it acted in bad faith or entered into any scheme to deprive the plaintiff of its commission. It averred that the building in question was regularly and legally redeemed by its owner. It admitted that it made some concessions as to the amount that the mortgagor would have had to pay, but alleged that it had a perfect right to do this. The issues were submitted to the jury, who returned a verdict for the plain-

tiff. The defendant moved for judgment notwithstanding the verdict, which motion was overruled. The defendant appealed from the entire judgment, the component parts of which are as follows:

On counts 1, 2, and 4, . . . . . . . . . . $1476.76
On counts 3, 6, 7, 8, and 9, . . . . . . . 3625.00

Total, . . . . . . . . . . . . . . . . . . . . . . $5101.76

Having previously indicated that the judgment should be affirmed as to counts 1, 2, and 4, we turn our attention to the second item thereof. No new trial is sought upon any ruling of the trial court other than its failure to direct the jury to find in favor of the defendant. The appellant contends that the evidence failed to show any liability upon it under counts 3, 6, 7, 8, and 9 or any of them.

■ We agree with appellant. In one of the contracts, the appellant constituted the appellee its agent to sell property acquired by it through the foreclosure of mortgage loans; in the other, the appellant constituted the appellee its managing and leasing agent with the duty, among others, to keep the properties tenanted pending their sale; both of said contracts provided for remuneration to the appellee on a commission basis. The sales-contract reserved to appellant the right to deal directly with a former mortgagor who desired to redeem the property, and expressly provided that, in the event of such redemption, no sales commission should be paid to the plaintiff. The owner was under no duty to the agent to retain the ownership of this property in order that the agent might make a fee by leasing the same. Since the owner had reserved the right to act as it did, the consequent injury to the appellee was damnum absque injuria.[1]

The judgment appealed from is affirmed in part and reversed in part, and the cause remanded for further proceedings not inconsistent with this opinion.

Affirmed in part and reversed in part.

[1] Paragraph 16 of the sales contract between appellant and appellee is as follows: "The Prudential agrees that during the continuance of this agreement, it will not consider or accept any offer to purchase on any property listed with the Broker through any source other than the Broker; except that the Prudential expressly reserves the right at its option to deal with any person who had any interest in the property prior to foreclosure or other acquisition of title by The Prudential, and in the event of such dealing, the Broker will not be entitled to any commission for sale of the property to any person so interested, unless specifically agreed upon by The Prudential in writing. (The Broker fully understands that it is the intention and the settled policy of The Prudential to allow a person formerly interested in any particular property to reacquire title thereto from The Prudential if satisfactory terms can be made, and for such reasons The Prudential has reserved the right to deal directly with any person formerly interested in the property.)"